PRIMO CARNERA, Respondent, *v.* MAX SCHMELING, Appellant.

First Department, October 28, 1932.

*Charles A. White* of counsel [*White & Stillman,* attorneys], for the appellant.

*Alfred E. Herz* of counsel [*I. Sidney Worthman* with him on the brief; *Albert M. Yuzzolino,* attorney], for the respondent.

O'MALLEY, J. The order appealed from denied defendant's motion to vacate a writ of attachment. The motion was made upon the ground of insufficiency of papers.

Plaintiff's cause of action is predicated upon the defendant's alleged breach of an oral agreement to engage with plaintiff in a boxing contest prior to September 30, 1931. The agreement as alleged was oral and made July 8, 1931.

The complaint refers to a prior written agreement made January 13, 1931, between the plaintiff, the defendant and the Madison Square Garden Corporation (hereinafter designated the corporation), pursuant to which the plaintiff and defendant agreed to engage in a boxing contest for the heavyweight championship title to be held and promoted by the corporation, and from which plaintiff and defendant were to receive a stipulated percentage of the gate receipts.

Referring to the oral contract sued upon, the complaint alleges that the plaintiff was to be paid the usual challenger's percentage from the proceeds of the sale of tickets, and in addition, was to be entitled to the benefit and other profits derived from the contest,

including the added prestige and enhancement of reputation which would result from having engaged in a heavyweight championship contest.

It is further alleged that after the oral contract was made the plaintiff began training and incurred expenses; that he was at all times ready and able to perform and held himself in readiness for such purpose; that although he demanded performance by the defendant of his contract according to its terms, the latter refused and failed to engage in the contest and completely breached it.

The written contract referred to is contained in plaintiff's bill of particulars. It was made between the corporation and the plaintiff. It provided in substance that the plaintiff would engage in a contest with the winner of the so-called " Schmeling-Stribling " contest under the direction of the corporation and in accordance with certain terms and conditions provided in the agreement.

Subjoined to this written agreement was another writing executed by the plaintiff, the defendant, W. L. " Young " Stribling, and the corporation. This in substance provided for the deposit by the plaintiff, the defendant and Stribling of the sum of $25,000 each, to guarantee the appearance of each of the three individual parties and the performance of the agreement with the corporation, in so far as it affected the proposed contest between the plaintiff and the winner of the " Schmeling-Stribling " contest, at a date not later than September 30, 1931.

Plaintiff was to deliver his certified check for $25,000 not later than April 15, 1931. The deposits of Schmeling and Stribling were to be secured by each delivering to the corporation an irrevocable order to withhold the first $25,000 payable by the corporation to each as a result of their contest. To the loser of the Schmeling-Stribling contest the corporation was to pay the $25,000 deposited by him. The remaining $50,000 the corporation was to pay as follows: (1) All to the boxer in the contest between the plaintiff and defendant, who had not forfeited; or (2) one-half to each boxer in such contest in the event that it was not held or in the event that both forfeited. It further provided that the decision of the corporation made in good faith was to be binding upon the parties and that the corporation should not be liable for any action taken in good faith.

After certain denials the defendant pleads as a first defense, that the defendant on July 3, 1931, engaged in a boxing contest with Stribling, as a result of which he sustained injuries which rendered him physically incapable of engaging in any boxing exhibition between July 4, 1931, and a date extending beyond September 30, 1931.

The allegations of this first defense are reincorporated in the second which alleges that the corporation, prior to September 30, 1931, in good faith, determined that the defendant was unable to engage in any boxing exhibition during the month of September, 1931, because of such injuries received.

The motion to vacate the attachment was predicated upon the ground that the papers upon which it was granted were insufficient, it being particularly urged that the damages alleged were indefinite and uncertain and wholly incapable of reasonable ascertainment.

The damages claimed to have been sustained are set forth in the affidavit of plaintiff's attorney, upon which, together with the complaint, the warrant of attachment was issued. The attachment was in the sum of $25,000, and plaintiff's counsel contends that the proof shows liquidated damages to such extent.

Plaintiff's claim that he has suffered $100,000 damages is predicated upon his agreement with the defendant, whereby he was to receive twelve and one-half per cent of the proceeds of the sale of tickets and from other profits and benefits to be derived.

In his affidavit submitted in opposition to the motion, the plaintiff's attorney asserts that the profits from boxing contests of this kind are well known and ascertainable from records of prior boxing contests involving the heavyweight championship of the world. It is asserted that the gate receipts of such contests have never been less than $300,000; that it is not unreasonable to expect that the receipts of the proposed contest would be at least $200,000; that plaintiff's share thereof on a basis of twelve and one-half per cent would be, therefore, $25,000.

However this may be, the plaintiff claims that under the so-called " forfeiture agreement," to which reference has been made, the plaintiff was entitled to $25,000 liquidated damages for defendant's alleged breach.

So far as plaintiff's proof with respect to his general damages is concerned, we are of opinion that he has failed to present facts from which it may be reasonably inferred that he has suffered damages in any reasonably ascertainable sum. Judicial notice of past profits that have heretofore accrued from boxing contests may not be taken, much less used, as a basis for estimating probable profits from future contests. Plaintiff's proof tending to support the allegations of his complaint to the effect that he sustained damages in the amount of $100,000 is wholly speculative and incapable of reasonable ascertainment. (*Bernstein* v. *Meech*, 130 N. Y. 354; *Broadway Photoplay Co.* v. *World Film Corp.*, 225 id. 107.)

Nor may the writ of attachment be supported upon the theory

that plaintiff has shown specific damages in the sum of $25,000. Resort to the so-called "liquidated damage" agreement for such purpose does not aid the plaintiff. It is to be noted (1) that plaintiff proceeds upon a later oral promise which, according to the bill of particulars furnished, contained no provision for liquidated damages; (2) that the complaint fails to allege full compliance on plaintiff's part with the written contract calling for liquidated damages, or facts excusing such performance.

It is conceded that the plaintiff never made the deposit required of him by the latter agreement. He, therefore, could not take advantage of defendant's like failure. The affidavit of his attorney submitted in opposition tends to show waiver of the provision for a deposit as between the plaintiff and defendant. Assuming proof of waiver to have been sufficient, the effect thereof would have been to annul the provision requiring a deposit. In this view also the written agreement would furnish no basis for a computation of damages predicated upon the amount to be deposited as security by the defendant.

It follows that the order should be reversed, with ten dollars costs and disbursements, and the motion to vacate the writ of attachment granted, with ten dollars costs.

FINCH, P. J., McAVOY, MARTIN and TOWNLEY, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.